IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 09-61761-MGD |
| OLA M. EDMONDSON, ) | |
| ) | CHAPTER 13 |
| Debtor. ) | |
| _____ ) | JUDGE MARY GRACE DIEHL |
| ) | |
| OLA M. EDMONDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ADVERSARY NO. _____ |
| vs. ) | |
| ) | |
| WELLS FARGO BANK, N.A. AND ) | |
| NEW FREEDOM MORTGAGE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT SEEKING RESCISSION
AND DAMAGES IN CORE PROCEEDING**

Plaintiff OLA M. EDMONDSON (hereinafter referred to as "Plaintiff" or "Ms. Edmondson"), by and through counsel, files her Complaint against the Defendants, WELLS FARGO BANK, N.A. ("Wells Fargo") and NEW FREEDOM MORTGAGE CORPORATION ("New Freedom"), respectfully showing the Court the following:

I.  PRELIMINARY STATEMENT

1. Ms. Edmondson files this adversary proceeding for the wrongful origination, servicing, and foreclosure of a mortgage loan. Ms. Edmondson's claims include lack of mental capacity to contract, violations of Georgia foreclosure laws, breach of the duty of good faith and fair dealing, negligence, violations of the Georgia Fair Business Practices Act ("FBPA"),

O.C.G.A. §§ 10-1-390 et seq., and violations of the Georgia Unfair or Deceptive Practices Toward the Elderly Act ("UDPTEA"), O.C.G.A. §§ 10-1-850 et seq. Pursuant to her claims, Ms. Edmondson is seeking to rescind the mortgage loan, the foreclosure sale, and the pending dispossessory action, and to recover actual, compensatory, general, treble, exemplary, and punitive damages, civil penalties, and costs and expenses of litigation.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of 28 U.S.C. § 1334 in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1334 and 157(b)(2).

4. This Court has supplemental jurisdiction to hear all state law claims pursuant 28 U.S.C. § 1367.

5. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

6. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event Ms. Edmondson consents to the entry of a final order by the Bankruptcy Judge.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

8. Pursuant to Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure, the Defendants may be served by first class mail, postage prepaid, to the corporate officers and

registered agents for service.

### III. PARTIES

9. Plaintiff Ola M. Edmondson ("Ms. Edmondson") is a citizen and resident of Decatur, DeKalb County, Georgia. Ms. Edmondson is also a debtor under 11 U.S.C. § 1301 et seq., Case No. 09-61761-MGD.

10. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national bank that has regularly engaged in the business of mortgage lending and servicing, and has done substantial business in the state of Georgia. At all times relevant hereto, Wells Fargo was in the business of the origination, underwriting, funding, purchase, and servicing of residential mortgage loans. Wells Fargo's principal office address is 464 California Street, San Francisco, California 94104, and Wells Fargo may be served with process by first class mail to its chief executive officer, Carrie Tolstedt, at that address. Wells Fargo may also be served with process by service upon its registered agent for service of process in Georgia, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

11. Defendant New Freedom Mortgage Corporation ("New Freedom Mortgage") is a corporation that has regularly engaged in the business of mortgage lending, and has done substantial business in the state of Georgia. At all times relevant hereto, New Freedom Mortgage was in the business of the origination, underwriting, funding, and sale of residential mortgage loans. New Freedom Mortgage's principal office address is 2363 South Foothill Drive, Salt Lake City, Utah 84109. New Freedom Mortgage may be served with process by first class mail to its chief executive officer Kevin Gates at that address.

## IV.  FACTS

12.  Ms. Edmondson's Chapter 13 case was commenced by the filing of a voluntary petition with the Clerk of this Court on January 23, 2009, Case No. 09-61761-MGD.

13.  Ms. Edmondson has filed her proposed Chapter 13 plan with the Court, but the plan has not been confirmed by order of this Court as of the date of the filing of this complaint.

14.  The Chapter 13 plan includes a disputed secured claim of Defendant Wells Fargo. This claim is purportedly secured by the Ms. Edmondson's principal residence in Decatur, DeKalb County, Georgia.

15.  Ms. Edmondson is a 57-year old African American who has resided at her home in Decatur, DeKalb County, Georgia since 1995.  Ms. Edmondson is mentally disabled and financially unsophisticated.

16.  According to the county real estate records, on July 24, 2003 Wells Fargo Home Mortgage, Inc. extended a $97,440.00 mortgage loan to Ms. Edmondson, secured by her principal residence.

17.  According to the HUD-1 Settlement Statement for the 2003 mortgage loan, the loan proceeds went to pay off a previous mortgage loan, a county property tax bill, unsecured creditors, and cash proceeds of only $326.93 to Ms. Edmondson.  She was apparently charged more than $5,500 in closing costs.

18.  Less than two years later, on July 12, 2005, New Freedom Mortgage Corporation extended to Ms. Edmondson a refinance in the amount of $97,877.00.  The 2005 mortgage loan is an FHA loan, has a 30-year term, and carries a fixed interest rate of 5.5% and monthly

4

principal and interest payments of $555.73. The 2005 mortgage loan also includes an escrow for property taxes and homeowner's insurance.

19. New Freedom Mortgage was named as the lender on the 2005 Note and the 2005 Security Deed.

20. On information and belief, the servicing of the 2005 mortgage loan was immediately transferred to Wells Fargo.

21. According to the HUD-1 Settlement Statement, the proceeds of the 2005 mortgage loan went to pay off the previous Wells Fargo mortgage and a county tax bill. Ms. Edmondson was apparently charged closing costs of $4,974.89.

22. According to public records, the value of Ms. Edmondson's home far exceeded the amount of the 2005 mortgage loan. The DeKalb County property tax assessor had determined that the value of Ms. Edmondson's home in 2005 was $203,500. Wells Fargo's loan file reflects a value of $146,000.

23. On information and belief, at the time the 2005 mortgage loan was closed, Ms. Edmondson was mentally disabled and lacked the requisite mental capacity to contract.

24. Wells Fargo and New Freedom knew or should have known of Ms. Edmondson's mental disability and that she lacked the mental capacity to enter into the 2005 mortgage loan.

25. Shortly after the closing of the 2005 mortgage loan, Ms. Edmondson fell behind on the monthly mortgage payments.

26. Wells Fargo placed Ms. Edmondson into forbearance plans that charged her amounts she could not possibly afford and inevitably destined her for redefault.

27. On or about July 27, 2007, Wells Fargo placed Ms. Edmondson into a loan modification that she could not possibly afford and inevitably destined her for redefault.

28. Wells Fargo failed to comply with FHA loss mitigation rules in connection with Ms. Edmondson's 2005 mortgage loan.

29. Wells Fargo failed properly to credit Ms. Edmondson's account for mortgage payments she made to Wells Fargo.

30. Wells Fargo knew or should have known that Ms. Edmondson could not afford the monthly payments under the forbearance plans or the loan modification.

31. Wells Fargo failed to comply with standard, professional, and responsible loss mitigation practices in connection with the 2005 mortgage loan.

32. Although New Freedom was named as the lender on the 2005 Note and 2005 Security Deed, the Security Deed states Mortgage Electronic Registration Systems, Inc. ("MERS") was the "nominee" for New Freedom under the Security Deed. However, New Freedom itself, not MERS, was the grantee of the power of sale in the Security Deed.

33. On October 28, 2008, an assignment was filed with the clerk of the DeKalb County real estate records under which MERS purported to transfer to Wells Fargo its right, title and interest in the 2005 Security Deed. MERS did not have the authority or ability to assign the power of sale.

34. On information and belief, there is no allonge to the 2005 Note and the 2005 Note was not negotiated or endorsed to Wells Fargo.

35. On information and belief, the 2005 Note was neither negotiated nor endorsed to

MERS.

36. On or about November 4, 2008, Wells Fargo purported to foreclose on the 2005 mortgage loan when it did not hold the 2005 Note and was not the secured creditor under the 2005 Security Deed with the authority to foreclose on the 2005 mortgage loan.

37. The Deed Under Power dated November 4, 2008 falsely states among other things that Wells Fargo was the "duly appointed attorney in fact" and that the 2005 Security Deed was transferred to Wells Fargo. Wells Fargo purportedly purchased Ms. Edmondson's home at the foreclosure sale.

38. On or about November 26, 2008, Wells Fargo filed a dispossessory warrant against Ms. Edmondson in the State Court of DeKalb County, Georgia, Case No. 08D01928.

39. Ms. Edmondson filed her answer to the dispossessory warrant and later filed a Chapter 13 bankruptcy petition, resulting in an automatic stay of the dispossessory proceeding.

40. Wells Fargo has filed a Motion for Relief from the Bankruptcy Stay to allow it to obtain possession of and evict Ms. Edmondson from her home.

COUNT ONE:
LACK OF MENTAL CAPACITY TO CONTRACT
AGAINST ALL DEFENDANTS

41. Ms. Edmondson incorporates by reference paragraphs 1-40 above, as if set forth verbatim herein.

42. Ms. Edmondson lacked the requisite mental capacity to enter into the 2005 mortgage loan transaction.

43. The 2005 mortgage loan, any transfers of said mortgage loan, and the purported

foreclosure of said mortgage loan are voidable under Georgia law.

44.  New Freedom Mortgage and Wells Fargo knew or should have known Ms. Edmondson was mentally disabled and lacked the requisite mental capacity to enter into the 2005 mortgage loan.

45.  Ms. Edmondson seeks an order of the Court rendering as void the 2005 mortgage loan, any purported transfers of the 2005 Note and 2005 Security Deed, and the purported foreclosure of said mortgage loan.

## COUNT TWO:
## WRONGFUL FORECLOSURE AGAINST WELLS FARGO

46.  Ms. Edmondson incorporates by reference paragraphs 1-45 above, as if set forth verbatim herein.

47.  As Wells Fargo is not and was not the holder of the 2005 Note, Wells Fargo could not pursue any action to enforce the provisions of said Note nor take any action to foreclose on the basis of a purported default under the Note.

48.  Wells Fargo purported to execute a foreclosure sale of the 2005 mortgage loan when it did not have the right or authority to execute a non-judicial foreclosure sale under Georgia foreclosure law or the terms of the 2005 mortgage loan documents.

49.  Wells Fargo failed to comply with Georgia statutory foreclosure notice requirements.

50.  Wells Fargo failed to comply with the requirements of Georgia foreclosure law.

51.  Wells Fargo wrongfully foreclosed on Ms. Edmondson's home and 2005 mortgage loan.

52. Ms. Edmondson has been damaged as a direct result of Wells Fargo's conduct.

53. Ms. Edmondson seeks rescission of the purported foreclosure sale.

<u>COUNT THREE</u>:
<u>VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
AGAINST WELLS FARGO</u>

54. Ms. Edmondson incorporates by reference paragraphs 1-53 above, as if set forth verbatim herein.

55. By engaging in the above-described unfair and deceptive practices in connection with the 2005 mortgage loan, Wells Fargo violated the FBPA.

56. On information and belief, Wells Fargo's unfair and deceptive practices described in this Complaint are not an isolated instance, confined to Ms. Edmondson's situation.

57. Wells Fargo willfully and intentionally violated FBPA by its conduct referenced above, causing Ms. Edmondson to suffer actual damages.

58. For Wells Fargo's violations of FBPA, Ms. Edmondson seeks actual, exemplary, and punitive damages.

59. Ms. Edmondson has complied with the notice requirements under O.C.G.A. § 10-1-399(b) (in the event that this provision should be deemed applicable). This was done by letters sent from Ms. Edmondson's counsel to Wells Fargo's counsel dated December 23, 2008 and April 9, 2009.

60. The above conduct authorizes the imposition of punitive damages, pursuant to O.C.G.A. § 51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious

indifference to consequences, and Ms. Edmondson seeks such damages.

### COUNT FOUR: VIOLATIONS OF THE UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY ACT AGAINST WELLS FARGO

61. Ms. Edmondson incorporates by reference paragraphs 1-60 above, as if set forth verbatim herein.

62. As Ms. Edmondson is a disabled person, she is entitled to the protections of the Georgia Unfair or Deceptive Practices Toward the Elderly Act ("UDPTEA"), O.C.G.A. §§ 10-1-850 et seq., which covers disabled as well as elder persons.

63. By engaging in unfair and deceptive practices in connection with the mortgage loan, Wells Fargo violated the UDPTEA.

64. Because Wells Fargo committed multiple violations of UDPTEA in disregard of Ms. Edmondson's rights, knew or should have known their conduct was directed toward a disabled person, caused Ms. Edmondson mental and emotional anguish, caused Ms. Edmondson to pay significantly more of her income toward housing-related costs, foreclosed on and attempted to evict Ms. Edmondson, Ms. Edmondson is entitled to the imposition of a $10,000 civil penalty for each UDPTEA violation.

65. On information and belief, Wells Fargo's unfair and deceptive practices described in this Complaint are not an isolated instance, confined to Ms. Edmondson's situation.

66. Wells Fargo willfully and intentionally violated UDPTEA by its conduct referenced above, causing Ms. Edmondson to suffer actual damages.

67. For Wells Fargo's violations of UDPTEA, Ms. Edmondson seeks actual damages,

10

punitive damages, and the $10,000 civil penalty for each violation of UDPTEA.

68. Ms. Edmondson has complied with the notice requirements under O.C.G.A. § 10-1-399(b) (in the event that this provision should be deemed applicable). This was done by letters sent from Ms. Edmondson's counsel to Wells Fargo's counsel dated December 23, 2008 and April 9, 2009.

69. The above conduct authorizes the imposition of punitive damages, pursuant to O.C.G.A. § 51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Ms. Edmondson seeks such damages.

<u>COUNT FIVE:</u>
<u>BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING</u>
<u>AGAINST WELLS FARGO</u>

70. Ms. Edmondson incorporates by reference paragraphs 1-69 above, as if set forth verbatim herein.

71. Wells Fargo owed Ms. Edmondson a duty of good faith and fair dealing in connection with the 2005 mortgage loan.

72. Wells Fargo willfully and intentionally breached this duty by repeatedly placing her in forbearance plans and a loan modification that were completely unaffordable, violated responsible loss mitigation practices, and were inevitably bound to result in foreclosure.

73. Wells Fargo also committed a breach of contract in failing to comply with the regulations of the HUD Secretary as required by Paragraph 9 of the Security Deed.

74. Ms. Edmondson has been damaged as a result of the above conduct and is entitled to

actual, compensatory, general, and punitive damages under O.C.G.A. §§51-1-6, 51-1-8.

75. The above conduct authorizes the imposition of punitive damages, pursuant to O.C.G.A. § 51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Ms. Edmondson seeks such damages.

COUNT SIX:
NEGLIGENCE AGAINST WELLS FARGO

76. Ms. Edmondson incorporates by reference paragraphs 1-75 above, as if set forth verbatim herein.

77. Wells Fargo had a duty to service the 2005 mortgage loan according to the rules and regulations for FHA mortgage loans and in keeping with a reasonable standard of care.

78. As described above, Wells Fargo negligently breached its duties.

79. The negligence of Wells Fargo is the sole and proximate cause of the loss to Ms. Edmondson.

80. Ms. Edmondson is entitled to recover actual, compensatory, general, and punitive damages.

81. The above-described conduct authorizes the imposition of punitive damages, pursuant to O.C.G.A. §51-12-5.1, in that it shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences, and Ms. Edmondson seeks such damages.

WHEREFORE, Ms. Edmondson respectfully prays for the following relief:

(1) Under Count One, rescission of the 2005 mortgage loan, any purported transfers of said mortgage loan, and the purported foreclosure sale;

(2) Under Count Two, rescission of the purported foreclosure sale;

(3) Under Count Three, award Ms. Edmondson the following amounts under the FBPA: actual, exemplary, and treble damages in an amount to be determined at trial;

(4) Under Count Four, award to Ms. Edmondson the following amounts under the UDPTEA: actual damages, punitive damages, and the $10,000 civil penalty for each violation of UDPTEA in an amount to be determined at trial;

(5) Under Count Five, award Ms. Edmondson the following amounts for her claims for breach of the duty of good faith and fair dealing: actual, compensatory, general, and punitive damages in an amount to be determined at trial;

(6) Under Count Six, award Ms. Edmondson the following amounts for her claims for negligence: actual, compensatory, general, and punitive damages in an amount to be determined at trial;

(7) enter a Judgment in favor of Ms. Edmondson awarding costs and litigation expenses;

(8) for a trial by jury as provided by law;

(9) award such other and further relief as the Court deems just and proper.

TRIAL BY JURY DEMANDED

Dated this 13th day of July, 2009.

/s/ Sarah E. Bolling
Sarah E. Bolling
Georgia Bar No. 319930
Karen E. Brown
Georgia Bar No. 088190
Attorneys for Plaintiff/Debtor Ola Edmondson
Atlanta Legal Aid Society, Inc.
246 Sycamore Street, Suite 120
Decatur, GA 30030
(404) 377-0701
(404) 377-4602 (Fax)
